IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01520-WJM-BNB

TERRY MARGHEIM,

Plaintiff,

v.

KENNETH R. BUCK, Weld County D.A., et al.,
EMELA BULJKO, DDA,
GREELEY POLICE CHIEF,
JOHN BARBER,
STEPHEN PERKINS,
ELLIS,

Defendants.

_____

**ORDER**

_____

This matter arises *sua sponte*.  The plaintiff initiated this action by filing a paper titled

"Notice of Intent/Filing Pursuant to 28 USCA § 1331, 1343, and 42 USCA § 1983" [Doc. #1]

(the "Complaint").  For the following reasons, the Complaint is STRICKEN, and the plaintiff is

directed to submit an amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of

the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought . . . ."  Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain

statement of the claim showing that the pleader is entitled to relief on any legally sustainable

grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal

court, a complaint must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from several deficiencies. The Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A.

In addition, not all of the plaintiff's claims clearly state the legal bases for his claims; the actions or inactions of each defendant; and how those actions or inactions violate the law. For example, Claim Three states in its entirety:

> The plaintiff was held in custody on subsequent [sic] to the unlawful arrest until December 12, 2011 at which time the Weld County District Attorney moved to dismiss Case No. D0622010CR000754. 19 months + 5 days.

2

*Complaint*, p. 3.

The Complaint fails to provide notice of all of the plaintiff's causes of action as required by Rule 8.  Accordingly, the Complaint is stricken, and the plaintiff shall submit an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

The amended complaint which the plaintiff must file shall be submitted on the court's form and shall be titled "Amended Complaint."  The background statement shall briefly summarize the plaintiff's case and shall not exceed one page.  Each claim shall be numbered and shall be stated separately.  Each claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants.  Each claim shall not exceed two pages.  The Complaint shall not contain conclusory allegations or argument.  Accordingly,

IT IS ORDERED:

1.  The Complaint[Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A.

2.  The plaintiff shall have until **July 20, 2012**, to submit an amended complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; and this order;

3.  The plaintiff's failure to comply with this order may result in a recommendation that the plaintiff's case be dismissed; and

4.  The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

Dated June 29, 2012.

3

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge