IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01520-WJM-BNB

TERRY MARGHEIM,

Plaintiff,

v.

KENNETH R. BUCK, Weld County D.A. et al.,
EMELA BULJKO, DDA, individual and official capacity,
GREELEY POLICE CHIEF et al.,
JOHN BARBER,
STEPHEN PERKINS,
MR. ELLIS, and
UNKNOWN NAMED EMPLOYEES OF GREELEY POLICE DEPARTMENT,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

This matter arises on the following motions:

(1) **Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 10) Pursuant to Fed. R. Civ. P. 12(b)(6) From Kenneth R. Buck, Weld County, Colorado District Attorney and Emela Buljko** [Doc. #19, filed 10/23/2012] (the "DA Defendants' Motion");

(2) **Defendants Greeley Police Chief, John Barber, Stephen Perkins, and Vincent Ellis' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1)** [Doc. #17, filed 10/16/2012] (the "Greeley Defendants' Motion"); and

(3) The plaintiff's **Motion for Judgement of Pleadings F. R. Civ. P. 12(c) and Order Denying Defendant's Motion to Dismiss** [Doc. #30, filed 02/06/2013] ("Plaintiff's Motion").

I respectfully RECOMMEND that the DA Defendants' Motion [Doc. # 19] and the Greeley Defendants' Motion [Doc. # 17] be GRANTED and that the Plaintiff's Motion [Doc. # 30] be DENIED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed. R. Civ. P. 12(d). The plaintiff has submitted affidavits in support of his responses to the defendants' motions to dismiss. *Discovery/Affidavit(s) in Support of Plaintiff's Response . . . .* [Doc. #29]. Because I do not refer

to the affidavits in my analysis of the motions to dismiss, I need not convert the motions into summary judgment motions. Fed. R. Civ. P. 12(d).

## II.  BACKGROUND

The plaintiff filed his initial Complaint on June 12, 2012 [Doc. #1]. I struck the Complaint for failure to comply with Rule 8, Fed. R. Civ. P., and Rule 8.1A, D.C.COLO.LCivR. *Order Issued June 29, 2012* [Doc. #7]. I ordered the plaintiff to submit an amended complaint and directed that "[e]ach claim shall state the legal basis for the claim; shall identify which defendant(s) the claim is brought against; and shall allege facts sufficient to state a claim for relief as to each of those defendants." Id. at p. 3.

The plaintiff filed an Amended Complaint on July 16, 2012 [Doc. #8].[1]  The Amended Complaint contains the following allegations:

 1.  On April 21, 2010, defendant Buljko "swore out a false afidavit [sic] to have a warrant issued" for the plaintiff's arrest. Buljko knew or should have known that the information in the affidavit was false. *Amended Complaint*, p. 4.[2]

 2.  Pursuant to the warrant, the plaintiff was arrested on May 7, 2010, by Greeley Police Officers Barber, Perkins, and Ellis. During the arrest, the plaintiff sustained injuries to his neck, shoulder, back, calf, and one rib. Id. at pp. 2, 4.

 3.  The plaintiff was searched, and evidence was discovered. Id. at p. 2.

 4.  Charges were filed against the plaintiff in Weld County. Id.

---

[1] The plaintiff filed a duplicate of his Amended Complaint on August 3, 2012 [Doc. #10]. The duplicate contains a Certificate of Service.

[2] The Amended Complaint is not consecutively paginated. Therefore, I cite to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

5.  The evidence "was used to hold" the plaintiff under a $100,000 bond until the charges were dismissed on December 12, 2011.  Id. at pp. 2, 4.

6.  While the plaintiff was in jail, Courtney Graham moved into his home without his permission.  Id. at p. 5.  The house was "looted, vandelized [sic] and repossessed."  Id. at p. 2.

7.  The plaintiff's mother held power of attorney for the plaintiff.  She contacted the Greeley police to have Ms. Graham removed, but the police refused to do anything.  Id. at p. 5.  The Greeley police refused to charge the responsible party.  Id.

8.  The plaintiff wrote a letter to the Greeley Police Department.  An officer came to the jail and told the plaintiff that nothing would be done because he was in a common law marriage with Ms. Graham.  This is untrue because Ms. Graham had vacated the house several months prior.  Id.

9.  The plaintiff also wrote to the District Attorney's office, the Chief of Police, and "internal affairs" regarding charges against Ms. Graham.  He did not receive any replies.  Id.

10.  The plaintiff had to hire an attorney to evict Ms. Graham.  By the time the sheriff forced Ms. Graham to leave the house, "there was nothing left."  Id.

11.  The plaintiff states that "[t]his is discrimination against me because of my record of drug addiction and a violation of equal protection as well as selective prosecution."  Id.

The plaintiff asserts two claims.  Claim One is asserted against defendant Buljko for false arrest[3] and false imprisonment, and defendants Barber, Perkins, and Ellis for unlawful search and excessive force during the arrest.  Id. at p. 4; *Plaintiff's Response to Defendants' Motion to*

---

[3]See Taylor v. Meacham, 82 F.3d 1556, 1562 (10th Cir. 1996) (stating that "[i]t is a violation of the Fourth Amendment for an arrest warrant affiant to knowingly, or with reckless disregard for the truth, include false statements in the affidavit").

*Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)* [Doc. #25], p. 1.  Claim Two is brought under the Fourteenth Amendment.  The claim appears to be based on the failure to remove Ms. Graham from the plaintiff's house, but it is unclear against which defendant(s) the claim is asserted.[4] *Complaint*, p. 5.  The plaintiff seeks over 2 million dollars in damages, as follows:

    1)  $195,000 for loss of house & personal property,

    2)  Child care expenses compensation $22,800,

    3)  $150,000 pain & suffering relating to injuries,

    4)  Search, seizure and false imprisonment $1,915,000,

    5)  Punitive damages as determined by the court,

    6)  $6,000 for refresher course and expenses to regain my Master Electricians license that expired on 11/30/2011,

    7)  Loss of income $217,850.

Id. at p. 6.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

---

[4] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

### A. DA Defendants' Motion

### 1. Statute of Limitation: Defendant Buljko

Defendants Buck and Buljko (the "DA Defendants") assert that the plaintiff's claims are barred by the statute of limitations. *DA's Motion*, p. 6. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; section 13-80-102, C.R.S.

Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations questions may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." See, e.g., Aldrich v. McColloch Properties, Inc., 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) (citations omitted); Escobar v. Reid, 668 F. Supp.2d 1260, 1287 (D.Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to [the p]laintiff to establish a later accrual date of the statute of limitations or to show that there is a basis to toll the accrual date.").

Here, the Amended Complaint alleges that defendant Buljko "swore out a false affidavit to have a warrant issued" for the plaintiff's arrest on April 21, 2010, and the plaintiff was arrested on May 7, 2010. Thus, the plaintiff knew or had reason to know the basis for his false arrest and false imprisonment claims on or before May 7, 2010. He did not file his initial Complaint until June 12, 2012. Therefore, this action is barred by the statute of limitation unless the limitation period is subject to tolling.

The issue of tolling is governed by Colorado state law. See Fratus, 49 F.3d at 675. Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). The plaintiff does not assert that he is entitled to tolling, and it is not plausible under the circumstances of this case that tolling would apply.

The plaintiff seeks an "extension of time" under Rule 6(b)(1)(B), Fed. R. Civ. P., "for all acts committed prior to June of 2010." *Plaintiff's Response to Defendants Kenneth Buck et. al and Emela Buljko's Motion toDismiss Fed.R.C.P. 12(b)(6)* [Doc. #24] (the "Response to DA Defendants' Motion"), p. 2. Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6 applies "in computing any time period specified in [the Federal Rules of Civil Procedure], in any local rule

or court order, or in any statute that does not specify a method of computing time." Rule 6 does not apply to toll the statute of limitation for a section 1983 claim.[5]

The plaintiff also argues that under Wallace v. Kato, 549 U.S. 384 (2007), the accrual date for limitation purposes is the date he was released from jail--December 12, 2011. *Response to DA Defendants' Motion*, pp. 2-3. In Wallace, the Court noted that false arrest and false imprisonment overlap. Wallace, 549 U.S. at 388. The Court held that a claim for false arrest/false imprisonment accrues when the arrestee becomes held pursuant to legal process, "for example, [when] he is bound over by a magistrate or arraigned on charges." Id. at 389-90. The court then concluded that the arrestee's false imprisonment claim accrued (absent tolling) when legal process was initiated against him, not when he was released from custody. Id. at 390.

The plaintiff states that he was detained without legal process and, therefore, his false arrest claim began accruing when he was released from jail on December 12, 2011. *Response to DA Defendants' Motion*, pp. 2-3. The plaintiff's argument is flawed because he was not "detained without legal process":

> The probable-cause determination must be made by a judicial officer either before or promptly after arrest. Since an adversary hearing is not required, and since the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial.

Baker v. McCollan, 443 U.S. 137, 143 (1979).

---

[5]The plaintiff argues that excusable neglect applies because "1) David Lane missing meeting, 2) having to proceed pro se, and 3) the fact that there are 3 different accrual dates." I note that none of these excuses provides a basis for equitable tolling.

"Because there was a judicial determination of probable cause" prior to the plaintiff's arrest, he "became lawfully detained pursuant to legal process at that point, and the statute of limitations began to run on his false arrest/false imprisonment claim." Young v. Davis, 554 F.3d 1254, 1257 (10th Cir. 2009). Therefore, the plaintiff's false arrest and false imprisonment claims against Buljko accrued on the date of his arrest, and they are barred by the statute of limitation. The DA Defendants' Motion should be granted to the extent it seeks dismissal of the claims against defendant Buljko.

### 2. Personal Participation: Defendant Buck

The Amended Complaint does not contain any factual allegations against defendant Buck. The DA Defendants argue that the Amended Complaint does not contain a viable claim against defendant Buck. *DA Defendants' Motion*, pp. 9-10.

The plaintiff states that the allegations of Claim Two, paragraph four, are asserted against defendant Buck. *Response to DA Defendants' Motion*, p. 4 (quoting paragraph 4). Paragraph four states that the plaintiff wrote to the District Attorney's office regarding Ms. Graham, but he did not receive a response. *Amended Complaint*, p. 5.

An individual cannot be held liable under section 1983 unless she caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order to hold a supervisor liable under section 1983, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotations and citation omitted).

The Court of Appeals for the Tenth Circuit has stated:

> Because § 1983 and Bivens are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.
>
> \* \* \*
>
> The same particularized approach applies with full force when a plaintiff proceeds under a theory of supervisory liability. Various officials often have different powers and duties. A plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation.

Id. at *10 (internal quotations and citations omitted).

The Amended Complaint does not contain any allegations demonstrating that defendant Buck caused or participated in a violation of the plaintiff's constitutional rights. The DA Defendants' Motion should be granted to the extent it seeks dismissal of defendant Buck.

### B.  Greeley Defendant's Motion

#### 1. Statute of Limitation: Defendants Barber, Perkins, and Ellis

In Claim One, the plaintiff alleges that on May 7, 2010, he was unlawfully searched and subjected to excessive force by defendants Barber, Perkins, and Ellis. *Amended Complaint*, p. 4. This claim also is barred by the statute of limitation, for the reasons discussed in Part III.A.1 above. See also Price v. Philpot, 420 F.3d 1158, 1163 (10th Cir. 2005) (holding that a claim for

illegal search accrues on the date of the search). The Greeley Defendant's Motion should be granted insofar as it seeks dismissal of the claims against defendants Barber, Perkins, and Ellis.[6]

### 2. Personal Participation: Defendant Greeley Police Chief

The only allegation against the Greeley Police Chief is found in paragraph four of Claim Two. Paragraph four states that the plaintiff wrote to the Greeley Police Chief regarding Ms. Graham, but he did not receive a response. *Amended Complaint*, p. 5. The plaintiff has not alleged any facts to show that the Greeley Police Chief personally participated in the alleged constitutional violations or that he is liable in a supervisory capacity. The Greeley Defendants' Motion should be granted to the extent it seeks dismissal of the claim against the Greeley Police Chief.

### C. Plaintiff's Motion

The plaintiff requests that the court deny the defendants' motions to dismiss and enter judgment on the pleadings in his favor pursuant to Rule 12(c), Fed. R. Civ. P. The plaintiff states that "[t]he pleadings in this matter supported by sworn affidavits as well as the record by taking the judicial notice in Weld County Court case #'s 10M251, 10M1026, and 10CR754 are proof of the claims in this action as well as negation of the defendants' claim of immunity and/or time bar."[7] He further states that the defendants have admitted the allegations of the Amended

---

[6]The Greeley Defendants assert that the statute of limitation is jurisdictional, and they bring their motion pursuant to Fed. R. Civ. P. 12(b)(1). *Greeley Defendants' Motion*, pp.3- 4. However, the statute of limitation defense for a section 1983 claim is an affirmative defense and is subject to waiver, estoppel, and equitable tolling. Therefore, I analyze the Greeley Defendants' Motion under Rule 12(b)(6).

[7]On November 27, 2012, the plaintiff submitted a copy of a "Motion for Reconsideration of the Court's Denial of His Motion to Suppress" in case number 10CR754 before the Weld County District Court. *Plaintiff's Response to Defendants Response [Doc. 26]; and Reply in*

Complaint because they have failed to file an answer denying the factual allegations of the Amended Complaint.

Rule 12(b) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A motion for judgment on the pleadings is reviewed under the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991).

Here, the pleadings are not closed. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil § 1367 at 213-14 (3d ed. 2004) (pleadings are closed after an answer is filed). All of the named defendants have filed motions to dismiss. The defendants' motions to dismiss were properly submitted prior to filing their answers. Fed. R. Civ. P. 12 (a) and (b).

Moreover, the affidavits and the Weld County court cases have no bearing on my recommendation to dismiss this action based on the plaintiff's failure to allege personal participation of defendants Buck and Greeley Police Chief and his failure to timely submit his claims. The Plaintiff's Motion should be denied.

### IV. CONCLUSION

I respectfully RECOMMEND:

---

*Support of Motion to Dismiss [Doc. 27]*, pp. 5-7. The record does not reflect that the plaintiff submitted any documents related to case number 10M251 or case number 10M1026. On January 8, 2013, the plaintiff submitted two affidavits in support of his claims. *Discovery/Affidavit(s) in Support of Plaintiff's Response* . . . . [Doc. #29].

(1)   The Motion to Dismiss Plaintiff's Amended Complaint . . . Pursuant to Fed. R. Civ. P. 12(b)(6) From Kenneth R. Buck, Weld County, Colorado District Attorney and Emela Buljko [Doc. #19] be GRANTED;

(2)   Defendants Greeley Police Chief, John Barber, Stephen Perkins, and Vincent Ellis' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. #17] be GRANTED; and

(3)   The plaintiff's Motion for Judgement of Pleadings F.R.Civ.P. 12(c) and Order Denying Defendant's Motion to Dismiss [Doc. #30] be DENIED.[8]

Dated July 15, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[8]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).