**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1520-WJM-BNB

TERRY MARGHEIM,

      Plaintiff,

v.

KENNETH R. BUCK, Weld County District Attorney;
EMELA BULJKO, DDA;
GREELEY POLICE CHIEF;
JOHN BARBER;
STEPHEN PERKINS; and
ELLIS, Officer,

      Defendants.

---

**ORDER ADOPTING JULY 15, 2013 RECOMMENDATION OF MAGISTRATE JUDGE,
GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND
DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

*Pro se* plaintiff Terry Margheim ("Plaintiff") brings this case pursuant to 42 U.S.C. § 1983 against Defendants Kenneth R. Buck, Emela Buljko, the Greeley Police Chief, John Barber, Stephen Perkins, and Officer Ellis (collectively "Defendants"), alleging violations of the Fourth and Fourteenth Amendments.  This matter is before the Court on the July 15, 2013 Recommendation of United States Magistrate Judge Boyd N. Boland ("Recommendation") (ECF No. 38) that Defendants' Motions to Dismiss ("Motions") (ECF Nos. 17 & 19) be granted, and that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 30) be denied.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the reasons set forth below, the Recommendation is adopted.

## I.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  BACKGROUND

The relevant facts, as pled in the Amended Complaint and taken in the light most favorable to the Plaintiff, are as follows.  On April 21, 2010, Defendant Buljko signed an affidavit that included false information, upon which a warrant was issued for Plaintiff's

arrest. (Am. Compl. (ECF No. 8)[1] p. 4.) Pursuant to the warrant, Plaintiff was arrested on May 7, 2010 by Defendants Barber, Perkins, and Ellis, all Greeley Police Officers. (*Id.*) During a search incident to Plaintiff's arrest, evidence was discovered, which was used to hold Plaintiff in Weld County jail on criminal charges. (*Id.* at 2, 4.)

While Plaintiff was in custody, Courtney Graham moved into Plaintiff's home without his permission. (*Id.* at 5.) Plaintiff's mother, who held power of attorney for him, attempted to have Ms. Graham removed from Plaintiff's home by contacting the Greeley Police Department. (*Id.*) Plaintiff also sent a letter to the Greeley Police regarding Ms. Graham. (*Id.*) The Greeley Police refused to assist Plaintiff or his mother in removing Ms. Graham from Plaintiff's house, informing Plaintiff that because he was in a common law marriage with Ms. Graham, nothing would be done. (*Id.*) Plaintiff was not, in fact, in a common law marriage with Ms. Graham. (*Id.*) Plaintiff wrote letters regarding Ms. Graham to Defendant Buck, the Weld County District Attorney, and to Defendant Greeley Police Chief, but received no reply. (*Id.*) Plaintiff then hired an attorney to assist him to evict Ms. Graham, but she was gone by the time the eviction was attempted, and the house had been "looted, vand[a]lized and repossessed". (*Id.* at 2, 5.)

On December 12, 2011, the charges against Plaintiff were dismissed and he was released from custody. (*Id.* at 2, 4.)

Plaintiff's Complaint (ECF No. 1) was filed *pro se* on June 12, 2012, and was amended on July 16, 2012 after this Court ordered Plaintiff to do so to comply with

---

[1] Plaintiff's Amended Complaint was filed twice, at ECF Nos. 8 and 10. Only ECF No. 10 includes a certificate of service.

Federal Rule of Civil Procedure 8 and Local Rule 8.1A.  (Am. Compl.; ECF No. 7.)  The

Amended Complaint brings two claims under Section 1983, asserting that: (1)

Defendant Buljko's false affidavit resulted in a false arrest and unlawful search incident

to that arrest, Defendants Barber, Perkins, and Ellis used excessive force in the arrest,

causing injuries, and Plaintiff was falsely imprisoned, all in violation of the Fourth

Amendment; and (2) Plaintiff notified the Greeley Police Department, the District

Attorney's Office, and "internal affairs" of Ms. Graham's unlawful presence in his home,

but they discriminatorily refused to do anything in violation of the Fourteenth

Amendment's Equal Protection Clause.  (Am. Compl. pp. 2-5.)

Defendants Barber, Perkins, Ellis, and Greeley Police Chief (collectively "Greeley

Defendants") filed a Motion to Dismiss on October 16, 2012, arguing that Plaintiff's

claims are barred by the statute of limitations.  (ECF No. 17.)  On October 23, 2012,

Defendants Kenneth R. Buck and Emela Buljko (jointly the "D.A. Defendants") filed a

Motion to Dismiss, also arguing that Plaintiff's claims are time-barred, and further

arguing that Plaintiff makes no claim alleging personal participation by Defendant Buck.

(*See* ECF No. 19.)  Plaintiff filed Responses to both Motions on November 1, 2012

(ECF Nos. 24 & 25), and Defendants filed their Replies on November 15, 2012 (ECF

Nos. 26 & 27).  Without leave of Court, Plaintiff filed a Sur-Reply on November 27,

2012.  (ECF No. 28.)

Plaintiff subsequently filed a Motion for Judgment on the Pleadings and Order

Denying Defendants' Motions to Dismiss on February 6, 2013.  (ECF No. 30.)  The D.A.

Defendants filed a Response on February 20, 2013 (ECF No. 32), and the Greeley

Defendants responded on March 6, 2013 (ECF No. 33).  Plaintiff filed no Reply.

On July 15, 2013, Magistrate Judge Boland entered a Recommendation that

Defendants' Motions be granted, and that Plaintiff's Motion for Judgment on the

Pleadings be denied.  (ECF No. 38 at 2.)  On July 30, 2013, Plaintiff filed an Objection

to the Recommendation.  (ECF No. 39.)  The D.A. Defendants filed a Response to the

Objection on August 9, 2013.  (ECF No. 40.)

## III.  ANALYSIS

The Magistrate Judge's Recommendation contains the following findings and

conclusions: (1) Plaintiff's Claim One for false arrest, false imprisonment, unlawful

search, and excessive force is barred by the statute of limitations; (2) Plaintiff's Claim

Two against Defendants Buck and Greeley Police Chief fails to allege personal

participation or supervisory liability by either of them; and (3) any motion for judgment

on the pleadings is premature because the pleadings are not closed.  (ECF No. 38 at 6-

12.)  As a result, the Magistrate Judge recommends denying Plaintiff's Motion for

Judgment on the Pleadings, granting Defendants' Motions, and dismissing all of

Plaintiff's claims.  (*Id.* at 13.)

With regard to Plaintiff's Claim One, Plaintiff argues in his Objection that it was

timely filed because his claims did not accrue until the charges against him were

dismissed.[2]  (ECF No. 39 at 1-3.)  With regard to Claim Two, Plaintiff's Objection states

---

[2] Plaintiff also argues that Claim Two is not time barred, because it involved a
"continuing violation."  (ECF No. 39 at 2.)  However, in raising this argument, Plaintiff
misunderstands the Recommendation's findings.  The Magistrate Judge did not recommend
dismissal of Claim Two due to the statute of limitations; rather, he recommended dismissal of
Claim Two because it was asserted only against Defendants Buck and Greeley Police Chief,
and Plaintiff had failed to allege any facts sufficient to establish either Defendant's liability under
Section 1983.  (ECF No. 38 at 9-11.)  Because Plaintiff's argument objects to a finding that was
not part of the Recommendation, the Court need not consider it.

that he "plainly alleges that the actions of the Greeley Police Chief, Kenneth Buck and other unknown named employees did in fact d[i]scriminate against, violate Equal Protection and selectively not prosecute Courtne[y] Graham in violation of his constitutional rights.  The complaint does specify which Defendants did what and when."  (*Id.* at 2.)

Apart from these two arguments, Plaintiff makes no other specific objection to the Recommendation.  (*See id.*)  Accordingly, the Court will review *de novo* the two issues to which Plaintiff objects, and need only review the remainder of the Recommendation's findings for clear error on the face of the record.  *See Summers*, 927 F.2d at 1167 (a court may review for clear error where no specific objections are made to a recommendation).  The Court will discuss each of the Recommendation's conclusions in turn.

**A.    Claim One**

The Magistrate Judge found that Plaintiff's Claim One was barred by the applicable two-year statute of limitations because his claims for false arrest, false imprisonment, unlawful search, and excessive force accrued on May 7, 2010—the date Plaintiff was arrested—and his Complaint was not filed until June 12, 2012.  (ECF No. 38 at 7-10.)  Plaintiff does not contest that a two-year limitations period applies.  Rather, his Responses to the Motions argue that the limitations period should be tolled due to excusable neglect, and that his claims did not accrue until the charges were dismissed on December 12, 2011.  (ECF No. 24 at 2-3.)  In his Responses, Plaintiff bases this argument on *Wallace v. Kato*, 549 U.S. 384 (2007), which held that a claim for false arrest or false imprisonment accrues when the arrestee is held pursuant to "legal

process." (*Id.*)  However, the Magistrate Judge found that Plaintiff had presented no

plausible argument that tolling would apply, that Plaintiff's claims for illegal search and

excessive force accrued on May 7, 2010, the date they occurred, and that Plaintiff's

claims for false arrest and false imprisonment likewise accrued on May 7, 2010,

because he was detained pursuant to legal process on that date.  (ECF No. 38 at 8-11.)

Accordingly, the Magistrate Judge concluded that Plaintiff's Claim One was barred by

the statute of limitations.  (*Id.*)

In his Objection, Plaintiff again argues that his claims accrued on December 12,

2011, rather than May 7, 2010.  (ECF No. 39 at 1-2.)  However, rather than relying on

*Wallace*, Plaintiff now bases his argument on *Beck v. City of Muskogee Police

Department*, 195 F.3d 553 (10th Cir. 1999), which in turn interpreted *Heck v.

Humphrey*, 512 U.S. 477 (1994).  (*Id.*)

In *Heck*, the Supreme Court held that when a Section 1983 plaintiff brings a

claim for:

> allegedly unconstitutional conviction or imprisonment, or for other
> harm caused by actions whose unlawfulness would render a
> conviction or sentence invalid, . . . the district court must consider
> whether a judgment in favor of the plaintiff would necessarily imply
> the invalidity of his conviction or sentence: if it would, the complaint
> must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated . . . .

512 U.S. at 486-87.  As a corollary, and avoiding any concern that the statute of

limitations might run in the meantime, the *Heck* Court held that "a [Section] 1983 cause

of action for damages attributable to an unconstitutional conviction or sentence does

not accrue until the conviction or sentence has been invalidated."  *Id.* at 489-90.

In *Beck*, the Tenth Circuit reasoned that *Heck* would also preclude a Section

"1983 claim relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges."  195 F.3d at 557.  Plaintiff relies on the Tenth Circuit's extension of *Heck*'s holding beyond an allegedly unconstitutional conviction to an allegedly unconstitutional pending charge, arguing that because the charges brought against him were not dismissed until December 12, 2011, *Heck* requires a finding that his claims stemming from those charges did not accrue until that date.  (ECF No. 39 at 1.)

However, as *Beck* explicitly recognized, *Heck*—and its deferred accrual date—does not apply to an unlawful search or a false arrest claim.  *Beck*, 195 F.3d at 558 ("*Heck* does not affect the time these claims arose because ultimate success on them would not necessarily question the validity of a conviction resulting from the [charges] . . . .  'Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.'") (quoting *Heck*, 512 U.S. at 487 n. 7 (emphasis in original)).  Accordingly, on their face, neither *Heck* nor *Beck* affects the accrual date for Plaintiff's claims for false arrest or unlawful search.  Further, nothing in *Heck*, *Beck*, or Plaintiff's Objection requires deferred accrual for an excessive force claim, because a plaintiff's success on such a claim would have no relation to or effect on the validity of any underlying charge or conviction.  Therefore, as discussed in the Recommendation, those claims are barred by the statute of limitations.  (ECF No. 38 at 8-10.)

Furthermore, although *Beck*'s extension of *Heck*'s deferred accrual date to

pending charges has not been explicitly overruled, some courts have concluded that it was abrogated by *Wallace*'s rejection of its "principle that goes well beyond *Heck*: that an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." *Wallace*, 549 U.S. at 393; *see Kucharski v. Leveille*, 526 F. Supp. 2d 768, 774 (E.D. Mich. 2007) (citing *Beck* as one of several decisions overruled in *Wallace*); *Reed v. City of Fruita, Colo.*, 2008 WL 2705189 (D. Colo. July 8, 2008) (finding *Wallace* "effectively overruled" *Beck*).

Ultimately, the Court need not decide whether *Beck* remains good law or whether *Heck* applies to Claim One, because the Supreme Court made clear in *Wallace* that the statute of limitations for a false arrest or false imprisonment claim "begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397.  The Magistrate Judge found that Plaintiff was detained pursuant to legal process on the date he was arrested, because there was a judicial determination of probable cause prior to his arrest.  (ECF No. 38 at 9 (citing *Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009).)  That judicial determination occurred when a warrant was issued on Defendant Buljko's allegedly false affidavit.  Thus, Plaintiff's claims against Defendant Buljko based upon the false affidavit, as well as his claims against Defendants Barber, Perkins, and Ellis based upon the search, arrest, and resulting imprisonment, all accrued on May 7, 2010 when he was taken into custody.

Plaintiff's Objection does not contest the finding in the Recommendation that he was held pursuant to legal process on May 7, 2010, nor does Plaintiff object to the Magistrate Judge's finding that tolling did not apply.  The Court has reviewed these findings and conclusions, and finds no clear error.  Thus, after reviewing *de novo* the

findings to which Plaintiff objected, the Court finds that Plaintiff's claims for false arrest,

false imprisonment, unlawful search, and excessive force accrued on May 7, 2010, and

consequently Plaintiff's Claim One is barred by the statute of limitations.  Accordingly,

the Court overrules Plaintiff's Objection and adopts the Recommendation in this regard,

and grants Defendants' Motions insofar as they seek the dismissal of Plaintiff's Claim

One.

**B.    Claim Two**

The Magistrate Judge found that Plaintiff's Claim Two, which is brought against

Defendants Buck and Greeley Police Chief,[3] does not allege personal participation by

either of these Defendants, nor does it allege any facts establishing supervisory liability.

(ECF No. 38 at 9-11.)

A Plaintiff alleging a deprivation of his constitutional rights under Section 1983

must show either that the defendant "participated or acquiesced" in that constitutional

deprivation, or that he "inadequately trained or supervised" those that did.  *McKee v.*

*Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Plaintiff's Objection claims that his

Amended Complaint "plainly alleges" that Defendants Buck and Greeley Police Chief

discriminated against him in failing to assist him with removing Ms. Graham from his

house.  (ECF No. 39 at 2.)  Plaintiff thus contends that his Amended Complaint

sufficiently specifies the connection between the named Defendants and the alleged

---

[3] As discussed in the Recommendation, it is unclear against which Defendants Claim Two is asserted.  (*See* ECF No. 38 at 5.)  Of the Defendants, the only one specifically named in Claim Two is Defendant Greeley Police Chief.  (Am. Compl. p. 5.)  However, in Plaintiff's Response to the D.A. Defendants' Motion, Plaintiff states that Claim Two is also asserted against Defendant Buck, as indicated by the Amended Complaint's reference to sending a letter to "the D.A.'s office."  (ECF No. 24 at 4.)  Accordingly, the Court treats Claim Two as asserted against both Defendants Buck and Greeley Police Chief.

constitutional violation.  (*Id.*)

However, even a liberal reading of the Amended Complaint demonstrates Plaintiff's failure to allege any Defendant's personal participation or supervisory liability for Claim Two, or any facts permitting an inference of such liability.  The Amended Complaint states only that Plaintiff wrote letters to the District Attorney's Office and the Chief of Police regarding charging Ms. Graham and got no reply, and that "this is discrimination against me . . . as well as selective prosecution."  (Am. Compl. p. 5.) Plaintiff's Claim Two can be read to suggest that the District Attorney's Office and Police Department discriminatorily failed to respond to and assist Plaintiff in removing Ms. Graham from his home and filing charges against her.  However, Plaintiff alleges no facts permitting an inference that either Defendant Buck or Greeley Police Chief was personally involved in such alleged discrimination, nor does Plaintiff claim that the alleged discrimination resulted from a policy, custom, or failure to train that was established or maintained by either Defendant.  (*See* Am. Compl. at 5.)  The statements in Plaintiff's Objection raise no argument or factual basis upon which the Court could find otherwise, and "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall*, 935 F.2d at 1110.  Therefore, the Court overrules Plaintiff's Objection regarding Claim Two.

The Court has evaluated this matter *de novo*, and agrees with the Magistrate Judge's finding regardinglack of personal participation.  The Court has also reviewed the remainder of the Magistrate Judge's findings regarding Claim Two, and finds no clear error.  Therefore, the Court adopts the Recommendation with regard to Claim Two, and grants Defendants' Motions insofar as they seek dismissal of that claim.

C.      **Plaintiff's Motion for Judgment on the Pleadings**

The Magistrate Judge found that Plaintiff's Motion for Judgment on the Pleadings was premature and should be denied.  (ECF No. 38 at 11-12.)  Under Federal Rule of Civil Procedure 12(c), such a motion may be made "[a]fter the pleadings are closed". However, as the Magistrate Judge noted, the pleadings are not yet closed; instead, Defendants properly filed Motions to Dismiss and, pending the resolution of their Motions, they have not yet filed Answers.  (*Id.* at 12.)  Plaintiff did not object to these findings, and the Court sees no clear error in the Magistrate Judge's analysis. Therefore, the Court adopts the Recommendation with regard to Plaintiff's Motion for Judgment on the Pleadings, and denies Plaintiff's Motion.

### IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1.      The Recommendation of the United States Magistrate Judge (ECF No. 38) is ADOPTED;

2.      Plaintiff's Objection to the Recommendation (ECF No. 39) is OVERRULED;

3.      The Greeley Defendants' Motion to Dismiss (ECF No. 17) and the D.A. Defendants' Motion to Dismiss (ECF No. 19) are GRANTED;

4.      Plaintiff's Motion for Judgment on the Pleadings (ECF No. 30) is DENIED; and

5.      Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE in its entirety. The Clerk shall enter judgment in favor of Defendants, and Defendants shall have their costs.

Dated this 13th day of August, 2013.

BY THE COURT:

William J. Martinez
United States District Judge