**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1520-WJM-BNB

TERRY MARGHEIM,

    Plaintiff,

v.

KENNETH R. BUCK, Weld County District Attorney;
EMELA BULJKO, DDA;
GREELEY POLICE CHIEF;
JOHN BARBER;
STEPHEN PERKINS; and
ELLIS, Officer,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)**

---

*Pro se* plaintiff Terry Margheim ("Plaintiff") brings this case pursuant to 42 U.S.C. § 1983 against Defendants Kenneth R. Buck, Emela Buljko, the Greeley, Colo. Police Chief, John Barber, Stephen Perkins, and Officer Ellis (collectively "Defendants"), alleging violations of the Fourth and Fourteenth Amendments to the U.S. Constitution. This matter is before the Court on Plaintiff's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) ("Motion"). (ECF No. 45.) For the reasons set forth below, the Motion is granted as to Defendant Buljko, and denied as to the remaining Defendants.

**I. BACKGROUND**

The relevant facts, as pled in the Amended Complaint, are as follows. On April 21, 2010, Defendant Buljko signed an affidavit that included false information, upon

which a warrant was issued for Plaintiff's arrest. (Am. Compl. (ECF No. 8)[1] p. 4.) Pursuant to the warrant, Plaintiff was arrested on May 7, 2010 by Defendants Barber, Perkins, and Ellis, all Greeley Police Officers. (*Id.*) During a search incident to Plaintiff's arrest, evidence was discovered, which was used to hold Plaintiff in Weld County jail on criminal charges. (*Id.* at 2, 4.)

While Plaintiff was in custody, Courtney Graham moved into Plaintiff's home without his permission. (*Id.* at 5.) Plaintiff's mother, who held power of attorney for him, attempted to have Ms. Graham removed from Plaintiff's home by contacting the Greeley Police Department. (*Id.*) Plaintiff also sent a letter to the Greeley Police regarding Ms. Graham. (*Id.*) The Greeley Police refused to assist Plaintiff or his mother in removing Ms. Graham from Plaintiff's house, informing Plaintiff that because he was in a common law marriage with Ms. Graham, nothing would be done. (*Id.*) Plaintiff was not, in fact, in a common law marriage with Ms. Graham. (*Id.*) Plaintiff wrote letters regarding Ms. Graham to Defendant Buck, the Weld County District Attorney, and to Defendant Greeley Police Chief, but received no reply. (*Id.*) Plaintiff then hired an attorney to assist him to evict Ms. Graham, but she was gone by the time the eviction was attempted, and the house had been "looted, vand[a]lized and repossessed". (*Id.* at 2, 5.)

On December 12, 2011, the charges against Plaintiff were dismissed and he was released from custody. (*Id.* at 2, 4.) Plaintiff is currently incarcerated on apparently unrelated charges. (*See* ECF No. 53 at 1.)

---

[1] Plaintiff's Amended Complaint was filed twice, at ECF Nos. 8 and 10. Only ECF No. 10 includes a certificate of service.

2

Plaintiff's Complaint (ECF No. 1) was filed *pro se* on June 12, 2012, and was amended on July 16, 2012 after this Court ordered Plaintiff to do so to comply with Federal Rule of Civil Procedure 8 and Local Rule 8.1A.  (Am. Compl.; ECF No. 7.)  The Amended Complaint brings two claims under § 1983, asserting: (1) a Fourth Amendment claim based on a false affidavit sworn by Defendant Buljko, which resulted in a false arrest, unlawful imprisonment and prosecution, and unlawful search incident to that arrest, as well as Defendants Barber, Perkins, and Ellis' use of excessive force during the arrest; and (2) a Fourteenth Amendment claim based on Plaintiff's complaint to the Greeley Police Department, the District Attorney's Office, and "internal affairs" of Ms. Graham's unlawful presence in his home, and their discriminatory refusal to do anything.  (Am. Compl. pp. 2-5.)

Defendants Barber, Perkins, Ellis, and Greeley Police Chief (collectively the "Greeley Defendants") filed a Motion to Dismiss on October 16, 2012, arguing that Plaintiff's claims are barred by the statute of limitations.  (ECF No. 17.)  On October 23, 2012, Defendants Kenneth R. Buck and Emela Buljko (jointly the "D.A. Defendants") filed a Motion to Dismiss, also arguing that Plaintiff's claims are time-barred, and further arguing that Plaintiff makes no claim alleging personal participation by Defendant Buck.  (*See* ECF No. 19.)

On July 15, 2013, U.S. Magistrate Judge Boyd N. Boland entered a Recommendation that Defendants' Motions be granted.  (ECF No. 38 at 2.)  Plaintiff filed an Objection to the Recommendation on July 30, 2013, arguing that his Fourth Amendment claim was not time-barred because it did not accrue until December 13, 2011, and that he had sufficiently alleged facts implicating Defendants Buck and

3

Greeley Police Chief.  (ECF No. 39.)  The Court adopted the Recommendation in its entirety on August 12, 2013, and granted the Motions to Dismiss ("Dismissal Order"). (ECF No. 41.)  In the Dismissal Order, the Court found that Plaintiff's Fourth Amendment claims for false arrest, false imprisonment, unlawful search, and excessive force accrued on May 7, 2010, and were therefore time-barred.  (*Id.* at 10.)  The Court also found that Plaintiff's Fourteenth Amendment claim failed to allege personal participation by Defendants Buck and the Greeley Police Chief.  (*Id.* at 11.) Accordingly, the Court overruled Plaintiff's Objections and dismissed Plaintiff's claims. (*Id.* at 12.)

On August 21, 2013, Plaintiff filed a Motion for Reconsideration of the Dismissal Order.  (ECF No. 43.)  Finding that Plaintiff's Motion for Reconsideration merely reargued issues that were already raised in Plaintiff's Objection, the Court declined to reconsider the Dismissal Order.  (ECF No. 44.)

On December 13, 2013, Plaintiff filed the instant Motion for relief under Federal Rule of Civil Procedure 60(b), or for an order extending his time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6).  (ECF No. 45.)  In Plaintiff's Memorandum Brief in support of the Motion, Plaintiff included a request for leave to amend his complaint (ECF No. 46), and attached a proposed Second Amended Complaint (ECF No. 47).  On December 20, 2013, the U.S. Court of Appeals for the Tenth Circuit decided *Myers v. Koopman*, 738 F.3d 1190 (10th Cir. 2013).  The Court ordered Defendants to consider the effect of *Myers* in responding to Plaintiff's Motion.  (ECF No. 49.)  The Greeley Defendants' Response (ECF No. 51) and the D.A. Defendants'

Response (ECF No. 52) were filed on January 6, 2014. No Reply was permitted.[2]

## II. ANALYSIS

Plaintiff's Motion and supporting brief contains three separate requests: (a) a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b); (b) a Motion to Reopen Time to File an Appeal under Federal Rule of Appellate Procedure 4(a)(6); and (c) a Motion for Leave to Amend the Complaint. (ECF Nos. 45, 46, 47.) The Court will discuss each request in turn.

### A. Motion for Relief from Judgment under Rule 60(b)

Plaintiff first moves for relief from the Final Judgment and the Court's order denying reconsideration (ECF Nos. 42 & 44) under Rule 60(b). (ECF No. 45.) Rule 60(b) permits a Court to relieve a party from a final judgment or order for reasons such as excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule "reflects and confirms the courts' own inherent and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside a judgment whose enforcement would work inequity." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233-34 (1995) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)).

In Plaintiff's brief in support of the Motion, Plaintiff explains that he is challenging the Court's failure to construe his Amended Complaint as stating a claim for malicious prosecution. (ECF No. 46 at 1.) Plaintiff does not challenge any other part of the Court's Order dismissing his claims for false arrest, false imprisonment, unlawful

---

[2] Plaintiff filed a Reply to Defendants' Responses on January 14, 2014. (ECF No. 53.) However, because the Court's Order specifically stated that "[n]o Reply will be permitted" (ECF No. 48), the Court has not considered Plaintiff's Reply in evaluating the Rule 60(b) Motion.

search, and excessive force as time-barred, and all claims against Defendants Buck and Greeley Police Chief for failure to allege personal participation.

While Plaintiff's Motion was pending, the Tenth Circuit decided *Myers v. Koopman*. In *Myers*, a *pro se* plaintiff brought an action under § 1983 asserting that a law enforcement officer obtained an arrest warrant with fabricated information. 738 F.3d at 1192. The plaintiff asserted a claim for malicious prosecution, but the district court construed the claim as one for false imprisonment and dismissed the claim as time-barred, without considering whether the imprisonment occurred before or after the institution of legal process. *Id.* The Tenth Circuit reversed, clarifying that because the plaintiff "was arrested pursuant to a validly issued—if not validly supported—arrest warrant . . . . [his] suit, then, challenges the probable-cause determination that generated the legal process." *Id.* at 1195. Accordingly, the plaintiff had asserted a timely claim for malicious prosecution that did not accrue until the proceedings terminated in his favor, and the Court erred in construing his claim as only a false imprisonment claim. *Id.*

As in *Myers*, Plaintiff here challenges the probable cause determination based upon an allegedly false affidavit, and his claim was held to be time-barred because it was construed by the Court as one for false imprisonment instead of malicious prosecution. (Am. Compl. p. 4.) Unlike *Myers*, however, Plaintiff's Amended Complaint did not initially style his claim as one for malicious prosecution; rather, he alleged facts supporting his claims under the general heading "4th Amendment". (*Id.*) Nevertheless, the Court must construe Plaintiff's Amended Complaint as pleading a claim for malicious prosecution if he pleads facts that could support each element of such a

6

claim.  *Mondragon v. Thompson*, 519 F.3d 1078, 1084 n.7 (10th Cir. 2008).

Accordingly, the question before the Court is whether Plaintiff's Amended Complaint should have been construed as pleading a claim for malicious prosecution.

A malicious prosecution claim under § 1983 includes the following elements:

> (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).  Here, Plaintiff alleges that Defendant Buljko's false affidavit resulted in his confinement and prosecution, that the charges were dismissed on December 12, 2011, that no probable cause supported his arrest because the information in the affidavit was false; that Defendant Buljko swore the false affidavit knowing that the information was false and with "reckless disregard for the truth", and that Plaintiff sustained damages.  (Am. Compl. p. 4.)  These assertions suffice to plead a claim for malicious prosecution.  Accordingly, pursuant to the Tenth Circuit's clarifying decision in *Myers*, the Court should have construed Plaintiff's Amended Complaint as pleading a claim for malicious prosecution, which claim did not accrue until December 12, 2011.  As this case was filed within two years of that accrual date, the Court erred in dismissing Plaintiff's Amended Complaint in its entirety.

The D.A. Defendants argue in their Response that even if Plaintiff has alleged a timely claim for malicious prosecution under *Myers*, the D.A. Defendants are entitled to absolute prosecutorial immunity against such a claim.  (ECF No. 52 at 9.)  The D.A. Defendants cite *Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997), which held that a

7

prosecutor is protected by absolute immunity "when serving as an advocate in judicial proceedings." (ECF No. 52 at 10.) In *Kalina*, the U.S. Supreme Court stated that a prosecutor's "activities in connection with the preparation and filing of two of the three charging documents—the information and the motion for an arrest warrant—are protected by absolute immunity", and that her preparation and filing of a certification in support of the warrant was also protected, "except for her act in personally attesting to the truth of the averments in the certification . . . . The critical question, however, is whether she was acting as a complaining witness rather than a lawyer when she executed the certification '[u]nder penalty of perjury.'" *Kalina*, 522 U.S. at 129. Ultimately, the *Kalina* Court held that the prosecutor was not immune for her actions in certifying the truth of the statement on which a finding of probable cause was based, because in executing the certification, she was acting as a witness, not as a prosecutor. *Id.* at 131 ("Even when the person who makes the constitutionally required 'Oath or affirmation' is a lawyer, the only function that she performs in giving sworn testimony is that of a witness.").

The Court finds that under *Kalina*, Defendant Buljko's swearing to an affidavit containing allegedly false information is not protected by absolute immunity, because she was acting as a witness, not as a prosecutor, in doing so. The D.A. Defendants state that Defendant Buljko did not in fact swear out an affidavit, but rather filed a motion to revoke Plaintiff's bond based on new violation of law. (ECF No. 52 at n.3.) If the Court were to accept this assertion as fact, that fact could alter its analysis as to whether Defendant Buljko was serving a prosecutorial function subject to absolute immunity when she took the challenged action. However, at this stage of the case, the

8

Court must accept all of Plaintiff's well-pleaded factual allegations as true.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Because the Amended Complaint alleges that Defendant Buljko swore a false affidavit on which Plaintiff was arrested, the Court must accept that allegation as true for the purposes of the instant Motion, and therefore Defendant Buljko is not protected by absolute immunity.

Notably, the Amended Complaint does not plead any facts supporting a malicious prosecution claim against any other Defendant: as the Greeley Defendants were acting pursuant to a validly issued warrant, none of them caused Plaintiff's incarceration or prosecution, and the Amended Complaint still does not allege personal participation or supervisory liability by Defendant Buck.  (*See* Am. Compl. p. 4.)  As the malicious prosecution claim is the only claim on which Plaintiff's Motion is based, Plaintiff's claims for false arrest, false imprisonment, unlawful search, and excessive force remain time-barred, and Plaintiff's claims against Defendants Buck and Greeley Police Chief remain dismissed for lack of any allegation of personal participation or supervisory liability, for the same reasons stated in the Court's prior Order.  (*See* ECF No. 41 at 6-11.)  The only claim revived by the instant order is Plaintiff's claim for malicious prosecution against Defendant Buljko.

Therefore, the Court grants Plaintiff's Motion as to Plaintiff's Fourth Amendment claim for malicious prosecution as against Defendant Buljko, but denies the Motion as to all other Defendants and claims.

**B.      Motion to Reopen Time to File an Appeal under Rule 4(a)(6)**

In the alternative to the requested relief under Rule 60(b), Plaintiff Motion asks

the Court reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). (ECF No. 45 at 2). Because the Court has granted the Motion under Rule 60(b) as to Defendant Buljko, the request to reopen time for appeal is moot as to her. However, as to the remaining Defendants, Plaintiff argues that he merits relief because he did not receive notice of the Court's denial of his motion to reconsider. (ECF No. 53 at 1.) Plaintiff does not indicate the date on which he received notice, but states that once he realized that the motion to reconsider had been denied, he attempted to address his claim by filing a new action, Case No. 13-cv-2876, which was later withdrawn. (*Id.*) Plaintiff then filed the instant Motion. (*Id.*)

Rule 4(a)(6) permits the Court to reopen the time to file an appeal where the movant did not receive notice of the order sought to be appealed, as long as no party would be prejudiced, and the motion is filed within 180 days of the appealed order or 14 days after receiving notice of the order, whichever is earlier. Fed. R. App. P. 4(a)(6). Here, Plaintiff's recitation of events reveals that his Motion under Rule 4(a)(6) was filed more than 14 days after receiving notice of the Court's Order denying the Motion to Reconsider. Plaintiff states that after he received such notice, he filed a new action, Case No. 13-cv-2876, which was filed on October 22, 2013. (ECF No. 53 at 1.) Plaintiff's Motion requesting relief under Rule 4(a)(6) was not filed until December 13, 2013. (ECF No. 45.) Even if Plaintiff's new complaint was filed the same day he received notice of the Court's Order, he waited 52 days before moving to reopen the time to file an appeal.

Because Rule 4(a)(6)(B) requires the motion to be filed within 14 days of receiving notice, the Court cannot reopen the time for Plaintiff to appeal the Court's

dismissal of his claims as to the remaining Defendants. See Fed. R. App. P. 4(a)(6) (permitting the district court to reopen the time for appeal "only if all the following conditions are satisfied"); Fed. R. Civ. P. 77(d)(2) ("Lack of notice of the entry [of an order] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)."). Accordingly, Plaintiff's request to reopen time to file an appeal must be denied.

### C.     Motion for Leave to Amend the Complaint

Plaintiff's Memorandum Brief in support of the Motion also requests leave to amend the complaint, and attaches a proposed Second Amended Complaint. (ECF No. 47.) This request violates both this Court's Revised Practice Standard III.B., which requires that "[a]ll requests for the Court to take any action . . . must be contained in a separate, written motion", as well as this District's Local Rule 7.1(c), which states that such a motion "shall be made in a separate paper." Accordingly, Plaintiff's request for leave to amend is denied without prejudice to refiling as a separate motion.

### IV.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that:

1. Plaintiff's Motion for Relief from Judgment or Order Pursuant to Rule 60(b) (ECF No. 45) is GRANTED as to Defendant Emela Buljko and DENIED as to the remaining Defendants;

2. The Final Judgment is VACATED, the Clerk shall reopen this case as against Defendant Emela Buljko, and this action shall proceed only as to Plaintiff's Fourth Amendment claim for malicious prosecution against Defendant Buljko;

3. When Final Judgment is entered, it shall be in favor of Defendants Kenneth R. Buck, Greeley Police Chief, John Barber, Stephen Perkins, and Officer Ellis, and against the Plaintiff, and those Defendants shall have their costs; and

4. Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 46) is DENIED WITHOUT PREJUDICE to refiling on or before June 30, 2014.

Dated this 27th day of May, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge