IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01520-WJM-BNB

TERRY MARGHEIM,

Plaintiff,

v.

EMELA BULJKO, DDA,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Motion for Leave to Amend Pursuant to Rules 15 & 21** [Doc. #61, filed 06/17/2014] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff initiated this action by filing a paper titled "Notice of Intent/Filing Pursuant to 28 USCA § 1331, 1343, and 42 USCA § 1983 "Doc. #1] (the "Initial Complaint"). The Initial Complaint was stricken for failure to comply with Fed. R. Civ. P. 8 and D.C.COLO.LCivR 8.1A, and the plaintiff was directed to submit an amended complaint alleging sufficient facts to state a claim of relief against the defendants. The plaintiff filed an Amended Complaint on July 16, 2012 [Doc. #8].[1] He now seeks leave to file a second amended complaint.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is

---

[1]The plaintiff filed a duplicate of his Amended Complaint on August 3, 2012 [Doc. #10]. The duplicate contains a Certificate of Service.

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

The Amended Complaint was filed on July 16, 2012. The defendant filed a motion to dismiss the Amended Complaint on October 23, 2012. The defendant opposes the plaintiff's request to amend [Doc. #71]. Therefore, the plaintiff is not entitled to amend as a matter of course; he may amend the Amended Complaint only with the court's leave.

The court may deny a motion to amend on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). The circuit court has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotations and citation omitted). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." Id. (internal quotations and citation omitted).

This action arises out of the plaintiff's arrest and detention in 2010. Defendants Weld County District Attorney Kenneth Buck; Greeley Police Chief; John Barber; Stephen Perkins; and Officer Ellis have been dismissed. Emela Buljko is the remaining defendant. The plaintiff claims that Buljko "swore out a false affidavit to have a warrant issued for my arrest, using false

2

information which she knew was false or would have know[n] had it not been for her reckless disregard for the truth." *Amended Complaint*, p. 4.[2]

The plaintiff seeks to reassert a claim against Kenneth R. Buck, because (1) Buck "was in fact" defendant Buljko's supervisor "at the time of the events in claim one"; and (2) "[t]he actions were taken on behalf of DA Buck and his stamp is on the document that include[s] the sworn statement in support of the arrest warrant." *Motion*, p. 1.  However, he plaintiff knew at the time he filed the Amended Complaint that Buck was the District Attorney. *Amended Complaint*, p. 2. Therefore, he knew or should have known of the factual basis for his claim against Buck at the time he filed his Amended Complaint, but he failed to include factual allegations against Buck in the Amended Complaint.  Indeed, in recommending that the Amended Complaint be dismissed as against defendant Buck, I stated:

> An individual cannot be held liable under section 1983 unless she caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).  Respondeat superior is not within the purview of section 1983 liability. Id.  In order to hold a supervisor liable under section 1983, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotations and citation omitted).
>
> The Court of Appeals for the Tenth Circuit has stated:
>
> "Because § 1983 and Bivens are vehicles for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving

---

[2]The Amended Complaint is not consecutively paginated.  Therefore, I cite to the page numbers of the Amended Complaint as they are assigned by the court's docketing system.

> multiple defendants. It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations.
>
> \* \* \*
>
> "'The same particularized approach applies with full force when a plaintiff proceeds under a theory of supervisory liability. Various officials often have different powers and duties. A plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation.'
>
> "Id. at *10 (internal quotations and citations omitted).
>
> "The Amended Complaint does not contain any allegations demonstrating that defendant Buck caused or participated in a violation of the plaintiff's constitutional rights. The DA Defendants' Motion should be granted to the extent it seeks dismissal of defendant Buck."

Despite my detailed explanation of the pleading requirements, the proposed second amended complaint does not contain any specific factual allegations to show that Buck caused or participated in a violation of the plaintiff's constitutional rights. The plaintiff simply alleges that Buck's stamp was on the warrant and, therefore, "Buck is laible [sic] under Acquiescence, inaction, failure to train, supervise, failure to stop or prevent, or personal participation." *Proposed Second Amended Complaint*, p. 3.

The plaintiff's request to amend should be denied on the bases of undue delay, repeated failure to cure deficiencies by amendments previously allowed, and futility of the proposed amendment. Accordingly,

I respectfully RECOMMEND that the plaintiff's Motion for Leave to Amend Pursuant to Rules 15 & 21 [Doc. #61] be DENIED.[3]

Dated July 9, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[3] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).