IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-1520-WJM-BNB

Terry Margheim,

    Plaintiff,

v.

Emela Buljko, Weld County DDA, official and individual capacities,

    Defendant.

---

**DEFENDANT EMELA BULJKO'S
MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FED.R.CIV.P. 56**
_____

NOW COMES Defendant, Emela Buljko, and for her Motion for Summary Judgment pursuant to Fed.R.Civ.P.56, on all claims set forth in Plaintiff's Second Amended Complaint (ECF No.90), states as follows:

### I.    INTRODUCTION

Plaintiff brings this matter pursuant to 42 U.S.C. §1983, against former Weld County Deputy District Attorney Emela Buljko ("DDA Buljko.")  According to the allegations set forth in his Second Amended Complaint, the Plaintiff contends DDA Buljko maliciously prosecuted a criminal matter against him, solely based on the filing of a Motion to Revoke Bond.

The malicious prosecution claim should be dismissed in its entirety for a number of reasons.  In particular, Plaintiff pled guilty to the underlying criminal matter and

therefore he is unable to prove the essential elements to a malicious prosecution claim. Further, any individual capacity claim against DDA Buljko is precluded pursuant to both absolute and qualified immunity, and any official capacity claim is precluded pursuant to the protections afforded by the Eleventh Amendment.

## II.   DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On January 25, 2010, Plaintiff Margheim is arrested in Weld County, Colorado (*See* Greeley Police Department Incident Report, attached hereto as **Exhibit A** (Buljko 0099-00100)).

2. On January 25, 2010, Plaintiff Margheim is charged with harassment/domestic violence pursuant to C.R.S. §18-9-111 and criminal mischief/domestic violence, pursuant to C.R.S. §18-4-501 (**Exhibit A**; *See also* Weld County Court Minute Order, attached hereto as **Exhibit C** (Buljko0121)).

3. The criminal charges arising from Plaintiff's January 25, 2010 arrest, are assigned case number 10M251 (ECF No.90 at ¶10; **Exhibit C**).

4. On January 26, 2010, the Court determines that probable cause exists for the elements set forth in the affidavit for warrantless arrest (**Exhibits A** and **C**).

5. As a result of his arrest and criminal charges, an appearance bond is issued by the Weld County District Court, in case number 10M251 (*See* Appearance Bond attached as **Exhibit B** (Buljko 0101 and Buljko 0062 to 0064)).

6. Part of the appearance bond is a mandatory personal protection order pursuant to C.R.S. §18-1-1001 (**Exhibit B**).

7. Plaintiff posts bond in the 10M251 matter (**Exhibit B** at Buljko 0101; *See also* Plaintiff's Responses to Defendant's First Set of Requests for Admissions, attached hereto as **Exhibit E** at p. 6, ¶1)

8. On March 25, 2010, Plaintiff fails to appear for a pretrial conference in the 10M251 matter (*See* Weld County Court minute Order, attached hereto as **Exhibit D** (Buljko0131)).

9. As a result of Plaintiff's failure to appear at the March 25, 2010 pretrial conference, the Court Orders the forfeiture of the appearance bond (**Exhibit D**).

10. Plaintiff's failure to appear does not result in suspension or revocation of the mandatory personal protection order C.R.S. §18-1-1001(1) (2010).

11. The Court issues a warrant for Plaintiff's arrest and sets a new bond amount (**Exhibit D**).

12. On April 10, 2010, Plaintiff is arrested and charged with a new domestic violence violation and violation of the mandatory personal protection order issued in 10M251 (**Exhibit E** at p. 7, ¶¶5 & 6).

13. The new criminal matter is assigned case number 10M1026 (**Exhibit E** at p. 7, ¶6.)

14. Plaintiff posts the bond in the 10M251 and 10M1026 matters (*See* deposition of Plaintiff Margheim at p 30, lines 24 and 25, p. 31, lines 1-24 and p. 31, lines 1-8, attached hereto as **Exhibit F**.)

15. In April 2010, Emela Buljko was a Deputy District Attorney for the County of Weld, State of Colorado (ECF No.90 at ¶3).

3

16. On April 21, 2010, DDA Buljko files a Motion to Revoke the Bond initially issued in the 10M251 matter, pursuant to C.R.S. §16-4-107(4) (*See* Motion to Revoke Bond, attached hereto as **Exhibit G** (Buljko0174)).

17. The Motion to Revoke Bond indicates that said Motion is based on the violation of the mandatory personal protection order (**Exhibit G**).

18. On April 23, 2010, the Court revokes Plaintiff's bond issued in the 10M251 matter, and issues an arrest warrant for Plaintiff (*See* Court's Order, attached hereto as **Exhibit H** (Buljko0189)).

19. On May 7, 2010, the Plaintiff is arrested (ECF No.90 at ¶17).

20. On September 15, 2010, Plaintiff pleads guilty to the charges of harassment pursuant to C.R.S. §18-9-111, and domestic violence, pursuant to C.R.S. §18-6-800.3, as set forth in the 10M251 matter (*See* Advisement, attached hereto as **Exhibit I**, and Weld County Court Minute Order, attached hereto as **Exhibit J**.)

III. ARGUMENT

A. **Plaintiff cannot sustain his burden to establish the elements of his malicious prosecution claim**

"Under Tenth Circuit case law, a §1983 malicious prosecution claim includes the following elements: (i) the defendant caused the plaintiff's continued confinement or prosecution; (ii) the original action terminated in favor of the plaintiff; (iii) no probable cause supported the original arrest, continued confinement or prosecution; (iv) the defendant acted with malice; and (v) the plaintiff sustained damages." ***Mata v. Anderson***, 685 F.Supp.2d 1223, 1249 (D.N.M.2010), referencing ***Wilkins v. DeReyes***,

528 F.3d 790, 798 (10th Cir.2008); *see also* **Guinn v. Unknown Lakewood Police Officers**, 2010 U.S. Dist. LEXIS 121429 at *10-11 (D.Colo.2010).

### 1. The 10M251 matter did not terminate in Plaintiff's favor

"A necessary component of a malicious prosecution action…is the termination of the prior criminal proceeding in favor of the accused." **Heck v. Humphrey**, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383. "(I)n order to maintain an action for malicious prosecution, the criminal prosecution must be disposed of in a way which indicates the innocence of the accused." **Allen v. City of Aurora**, 892 P.2d 333, 335 referencing Restatement (Second) of Torts §660 comment (a) and §661(19).

It is undisputed that Plaintiff pled guilty to the charges in the 10M251 matter. (**Exhibits I** and **J** (DSUMF 20[1])), and therefore he cannot sustain the necessary element of his malicious prosecution claim that said prosecution terminated in his favor. **Heck**, *supra*, **Allen**, *supra*.

### 2. Probable cause was established in the 10M251 matter.

Likewise, Plaintiff can produce no evidence to support the required element of his malicious prosecution claim, that probable cause was somehow lacking in the 10M251 matter. This necessary element is negated by the undisputed fact that the Court made a determination respecting the existence of probable cause sufficient to support Margheim's initial warrantless arrest. (*See* **Exhibits A** and **C** (DSUMF 1-4)).

---

[1] "DSUMF" refers to Defendant's Statement of Undisputed Material Facts.

### 3. No evidence exists that DDA Buljko continued with prosecution of the 10M251 matter, with malice.

To maintain a malicious prosecution claim pursuant to §1983, the Plaintiff must establish that the Defendant acted with malice. **Novitsky v. City of Aurora**, 491 F.3d 1244, 1258 (10th Cir.2007) citing **Pierce v. Gilchrist**, 359 F.3d 1279, 1291-1297 (10th Cir.2004).  In this context, "malice" has been described as a Defendant having the "primary purpose other than that of bringing an offender to justice." **Heck**, *supra* at 494 citing W. Keeton, D. Dobbs, R. Keon, & D. Owen, Prosser and Keeton on Law of Torts 871 (5th ed.1984) and 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts §28:7, p. 38, §28:11, p. 61 (1991).

In the present matter, Plaintiff cannot procure any evidence to establish that DDA Buljko took any action for any purpose, other than to bring Mr. Margheim to justice. As indicated above, the prosecution ultimately resulted in Margheim pleading guilty to the charges (**Exhibits I** and **J** (DSUMF 20)), thereby negating any inference that DDA Buljko prosecuted the matter with any malice, as both elements are not mutually exclusive.  "If malice is proved, yet if probable cause exists, there is no liability.  Malice and want of probable cause must both exist to justify an action." **Stacey v. Emery**, 97 U.S. 642, 645, 24 L.Ed.1035, 1878 U.S. LEXIS 1492 (1878) citing **Munn v. Dupont**, 3 Wash.37 (Wash.___).

### B. DDA Buljko is entitled to dismissal of the individual capacity claims, based on absolute and qualified immunity.

### 1. DDA Buljko is entitled to absolute immunity

In her position as a Deputy District Attorney, DDA Buljko filed a Motion to revoke Mr. Margheim's Bond ("Motion") (**Exhibit G** (DSUMF 16)).  The support for the Motion was DDA Buljko's impression that Mr. Margheim violated the mandatory personal protection order entered in the 10M251 matter (**Exhibit B (DSUMF 5 and 6)**; cf: **Exhibit G** (DSUMF 16 and 17)).  The Motion was brief and merely states that "Defendant had a new offense in Weld County, case, 10M1026 (failed to comply with the protection order issued in 10M251)" (**Exhibit G** (DSUMF 17)).  Nothing factually in the Motion was false:(1) Plaintiff was charged with an offense classified as violation of a personal protection order (**Exhibit E** at p. 7, ¶¶5, 6 and 7 (DSUMF12 and 13)); (2) the new offense, 10M1026 was instituted after 10M251, and therefore was a *new* matter, (**Exhibit E** at p. 7, ¶¶5, 6 and 7 (DUMF12 and 13); c.f. **Exhibits A & C**, (DUMF 2 and 3)) and; (3) the charge that was the subject of the 10M1026 matter, was for violation of the mandatory personal protection order issued initially in 10M251 ((**Exhibit E** at p. 7, ¶¶5, 6 and 7 (DUMF12 and 13)).  Additionally, despite revocation of the initial bond in 10M251, the mandatory personal protection order remained in effect:

> (1) There is hereby created a mandatory protection order against any person charged with a violation of any of the provisions of this title, which order shall remain in effect from the time that the person is advised of his or her rights at arraignment or the person's first appearance before the court and informed of such order until final disposition of the action.

C.R.S. §18-1-1001(1) (2010).

7

As a Deputy District Attorney, the filing of the Motion was done in her stead as an advocate for the State of Colorado. DDA Buljko's activities, therefore, are cloaked in the same absolute immunity afforded judicial officers:

> Subsequent cases have confirmed the importance to the judicial process of protecting the prosecutor when serving as an advocate in judicial proceedings. Thus, in *Burns v. Reed*, 500 U.S. 478, 114 L.Ed.2d 547, 111 S.Ct.1934 (1991), after noting the consensus among the Courts of Appeals concerning prosecutorial conduct before grand juries, *id.* at 490 n.6, we held that the prosecutor's appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing were protected by absolute immunity. *Id.* at 492. And in *Buckley*, we categorically stated that 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.'

**Kalina v. Fletcher**, 522 U.S. 118, 125-126 (1997) citing **Buckley v. Fitzsimmons**, 509 U.S. 259, 273 (1993). *See also*, **Lerwill v. Joslin**, 712 F.2d 435, 437 (10th Cir.1983) prosecutor seeking an arrest warrant entitled to absolute immunity); **Masters v. Gilmore**, 663 F.Supp.2d 1027, 1040 (D.Colo.2009) (prosecutor absolutely immune for appearing in Court on an application for an arrest warrant and supporting affidavit as an advocate for the State);

As a DDA, Ms. Buljko is therefore entitled to dismissal of the only claim against her, based on absolute immunity.

### 2. DDA Buljko is also entitled to qualified immunity

Qualified immunity affords public officials immunity from suit and exists to "protect them from undue interference with their duties, and from potentially disabling threats of liability." **Elder v. Holloway**, 510 U.S. 510, 514 (1994) quoting **Harlow v. Fitzgerald**, 457 U.S. 800, 806 (1982). *see also* **Murrell v. Sch. Dist. No. 1, Denver, Colo.**, 186 F.3d 1238 (10th Cir.1999). It protects all governmental officials performing discretionary

functions from civil liability as long as their conduct does not violate clearly established Constitutional rights of which a reasonable person would have known.  *Harlow*, supra at 818.

To overcome the defense of qualified immunity, a plaintiff bears a heavy two-part burden of proving (1) that the defendant's actions violated a constitutional right, and (2) that the right was clearly established at the time of the conduct at issue.  *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir.1996) (citations omitted).  To survive dismissal, the plaintiff must show that the right was "clearly established" in a "particularized" sense.  *Wilson*, 52 F.3d 1547, 1552 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  "[F]or a right to be 'particularized,' there must ordinarily be a Supreme Court or Tenth Circuit decision on point, or 'clearly established weight of authority' from other courts."  *Id.* (quoting *Medina v. City & County of Denver*, 960 F.2d 1493, 1498 (10th Cir.1992)).  Plaintiff can point to no such decision in this matter, nor can he marshal any evidence respecting any action taken by DDA Buljko, which establishes a constitutional violation.  In particular, the Plaintiff cannot provide any support that the filing of a Motion to Revoke Bond, which occurs during the prosecution of a matter, constitutes a violation of Plaintiff's Constitutional rights.

### C. DDA Buljko is entitled to dismissal of the official capacity claims

#### 1. All claims against DDA Buljko in her official capacity are barred under the Eleventh Amendment

"Official-capacity suits…'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Ky. v. Graham*, 473 U.S. 159, 165 (1985) citing *Monnell v. New York City Dep't of Social Services,* 436 U.S. 658,

690 n. 55 (1978).  "(A)s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  **Graham**, *supra* at 166 citing **Brandon v. Holt**, 469 U.S. 464, 471-72 (1985).

The District Attorney is elected from a state judicial district as provided in the Constitution of the State of Colorado.  Therefore, the District Attorney is considered an executive officer of the State.  **Beacom v. The Bd. Of County Comm. of the County of Adams, State of Colo.**, 657 P.2d 440, 445 (Colo.1983); **Tisdel v. Bd. Of County Comm.**, 621 P.2d 1357 (Colo.1980); **People v. District Court**, 527 P.2d 50 (1974).  Any claims levied against Ms. Buljko in her "official capacity" are as an executive officer of the State.  In reality, such claims are against the State of Colorado.  **Kentucky v. Graham**, 473 U.S. 159, 165 (1985); **Monell v. New York City Dept. of Social Services**, 436 U.S. 658, 690 n. 55 (1978).

The Eleventh Amendment bars an action for damages against any State in federal court.  **Rozek v. Topolnicki, Jr.**, 865 F.2d 1154, 1158 referring to **Kentucky v. Graham**, 473 U.S. 159, 169 (1985); **Ford Motor Co. v. Department of Treasury of Indiana**, 323 U.S. 459, 464 (1945).  Any effort by Plaintiff to sue the State of Colorado for money damages, is barred by the Eleventh Amendment to the United States Constitution.

### 2. Plaintiff cannot establish a custom, practice policy or procedure or any direct violation of a Constitutional right.

Even if Plaintiff could somehow overcome the protections afforded DDA Buljko pursuant to the Eleventh Amendment, he still cannot establish any requisite elements for a §1983 claim against a municipality.

To establish municipal liability pursuant to §1983, a plaintiff must first establish an underlying constitutional violation. ***Trigalet v. City of Tulsa, Okla.***, 239 F.3d 1150, 1154-56 (10th Cir.), cert. denied, 534 U.S. 814 (2001); ***Butler v. City of Prairie Village***, 172 F.3d 736, 747 (10th Cir.1999); ***Wilson v. Meeks***, 98 F.3d 1247, 1255 (10th Cir.1996). As argued above, no such violation exists and DDA Buljko is therefore entitled to dismissal. Even if such a violation could be established, Plaintiff must then prove: (1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." ***Jenkins v. Wood,*** 81 F.3d 988, 993 (10th Cir. 1996) (citing ***City of Canton v. Harris,*** *supra* at 385). The Supreme Court described the requirements a plaintiff must meet to impose public entity liability as follows: "[I]t is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. ***Board of County Commissioners of Bryan County v. Brown,*** 520 U.S. 397, 404 (1997).

Under these standards, a municipality can be liable only for its official customs or policies, or for the actions of a final policymaker. A custom is a "persistent and widespread" practice that "constitutes the standard operating procedure of the local governmental entity." ***Jett v. Dallas Indep. Sch. Dist.***, 491 U.S. 701, 737 (1989). Municipal liability only attaches where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." ***Pembaur v. City of Cincinnati,*** 475 U.S. 469, 483 (1986); ***Myers v. Oklahoma County Board of County Commissioners,*** 151 F.3d 1313, 1319 (10th Cir. 1998). No such policy or custom exists in this matter.

"When the asserted policy consists of a failure to act, the plaintiff must demonstrate that the municipality's inaction was the result of 'deliberate indifference' to the rights of its inhabitants." ***Gaylor v. Does,*** 105 F.3d 572, 577 (10th Cir. 1997) (quoting ***City of Canton,*** 489 U.S. at 389); ***Hinton v. City of Elwood,*** 997 F.2d 774, 782 (10th Cir. 1993).

No evidence exists elevating DDA's Buljko's purported actions or inactions, to the requisite level of "deliberate indifference," necessary to establish a Constitutional violation. Further, no evidence establishes the existence of any municipal custom, practice, or policy, and any causal link between said custom, practice or policy and an alleged violation of Plaintiff's Constitutional rights. ***Jenkins,*** 81 F.3d at 993. Further, even if such a custom, practice, or policy was in existence, Plaintiff cannot establish any deliberate conduct by a final policymaker, rising to the level of being deliberately

12

indifferent to Plaintiff Margheim's Constitutional rights. ***Board of County Commissioners of Bryan County,*** 520 U.S. at 404. Further, to any extent Plaintiff attempts to base his claims on the actions of DDA Bujko pursuant to a theory of vicarious liability, such claims are improper. ***Monell v. New York City Dept. of Social Services***, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

## IV.  CONCLUSION

For the aforementioned reasons, DDA Buljko respectfully requests the Court grant her Motion and Dismiss Plaintiff's claims against here, with prejudice, and for entry of any other relief deemed just.

Dated this 6th day of May, 2015

                Respectfully Submitted

                Duly Signed original in the file located at Hall & Evans, LLC

                */s/ Mark S. Ratner*

                Mark S. Ratner, #38517
                Hall & Evans, LLC
                1001 Seventeenth Street, Suite 300
                Denver, Colorado  80202-
                Attorneys for Emela Buljko

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 6th day of May, 2015, I served via email the foregoing **DEFENDANTS MOTION FOR SUMMARY JUDGMENT** pursuant to Fed.R.Civ.P. 26(a) to the following:

**Attorneys for Plaintiff**:

**Reid A. Page, Esq.**
**Daniel C. Wennogle, Esq.**
Stinson Leonard Street LLP
6400 S. Fiddler's Green Circle, Suite 1900
Greenwood Village, CO  80111
Reid.page@stinsonleonard.com
Daniel.wennogle@stinsonleonard.com


*s/ Jessica A. Velez*
Thomas J. Lyons, Esq.
Mark S. Ratner, Esq.
Of Hall & Evans, LLC

14